UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIBIANA DE SANTIAGO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN KERRY, Secretary of State.<br><br>　　　　Defendant. | )　CASE NO: 1:14-CV-00445-LJO-JLT<br>)<br>)　ORDER CONTINUING SCHEDULING<br>)　CONFERENCE; ORDER TO SHOW CAUSE<br>)　WHY THE PROOF OF SERVICE SHOULD<br>)　NOT BE STRICKEN<br>)<br>)<br>) |

　　　　Plaintiff filed this action on March 27, 2014 to challenge the action of the Secretary of State[1], John Kerry, who revoked her passport based upon a finding that she is not a U.S. citizen. (Doc. 3 at 2) The Court issued a summons to Mr. Kerry on the same date (Doc. 4) and Plaintiff filed a proof of service on Aril 8, 2014. (Doc. 8) It does not appear service the proof of service is adequate and it does not appear Plaintiff complied with Fed. R. Civ. P. 4(i) when serving the defendant.

　　　　First, the proof of service is unsigned and, therefore, proves nothing. Second, the proof of service demonstrates that Plaintiff FedEx'ed the summons of complaint to John Kerry. (Doc. 8) Exactly why

---

[1] In her complaint, Plaintiff names *only* John Kerry as the Secretary of State though she alludes to other defendants who are never named or described nor are any Doe Defendants named or described. (Doc. 3) However, in her current motion, she also names "Jeh Johnson, Secretary of United States Department of Homeland Security" in the caption. (Doc. 9 at 1) Johnson *was not* named in the complaint and Plaintiff cannot join him as a defendant merely by including his name on the caption of a subsequent motion. Thus, the *only* defendant to this action is Mr. Kerry.

Plaintiff believes this is proper service is not explained.  Notably, Fed. R. Civ. P. 4(i) requires the summons and complaint to be delivered to the U.S. Attorney in the district where the action is proceeding.  Second, the Rule requires the summons and complaint to be provided by certified or registered mail to the civil-process clerk at the United States attorney's office.  Third, the Rule requires the summons and complaint to be sent via certified or registered mail to the Attorney General of the United States in Washington D.C. (Doc. 8 at 1)  Finally, when the action challenges the action of a nonparty agency or officer of the United States, the Rule requires the summons and complaint be sent via certified or registered mail to the agency or officer.  Thus, even if the proof of service was signed, it fails to address these points.  Given this, it appears to the Court that the proof of service should be stricken.

Moreover, at the time the Court issued the summons, the Court also issued its order setting mandatory scheduling conference.  (Doc. 5)  This order reads in pertinent part,

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint. **Failure to timely serve summons and complaint may result in the imposition of sanctions, including the dismissal of unserved defendants.**

(Doc. 5 at 1-2, emphasis added)  There has not been an appearance by the defendant.

Now before the Court is Plaintiff's request to continue to the scheduling conference.  (Doc. 8)  The only explanation Plaintiff provides for the need to continue the conference is that "service of Summons and Complaint upon Defendants" is "pending." (Doc. 9 at 1)  Exactly what this means is unclear.

Plainly, the Court cannot proceed with the scheduling conference given the lack of appearance by the defendant and the Court's serious concerns about the propriety of the service of process.  However, in continuing the scheduling conference, Plaintiff is reminded of her obligation of *timely* service under Rule 4 and that the Court may order the dismissal of this matter sua sponte for failure to comply with Fed. R. Civ. P. 4.  Thus, she is strongly urged to **diligently and expeditiously** make proper

service on the defendant and to file a proof of service that demonstrates proper service.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. <u>**Within 14 days of the date of this order**</u>, Plaintiff **SHALL** show cause in writing why the proof of service, filed on April 8, 2014 (Doc. 8), should not be stricken. Alternatively, within this same timeframe, she may file an amended proof of service or new proof of service that corrects the deficiencies noted herein;

2. The scheduling conference, currently set on July 11, 2014 is **CONTINUED** to **August 14, 2014** at 9:00 a.m.

<u>**Plaintiff is advised that her failure to comply with this order and with Fed. R. Civ. P. 4, will result in a recommendation that the matter be dismissed.**</u>

IT IS SO ORDERED.

Dated:  **May 14, 2014**               /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE