**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BIBIANA DE SANTIAGO,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN KERRY, Secretary of State,<br><br>          Defendant. | Case No.: 1:14-cv-00445 - JLT<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>(Doc. 25) |

      Plaintiff Bibiana De Santiago filed a motion to dismiss on December 14, 2014. (Doc. 25.) Plaintiff initiated this action seeking judicial review of the decision to revoke a passport issued by the United States, asserting the revocation violated her constitutional rights. (*See* Doc. 3.) In addition, Plaintiff sought a declaratory judgment that she is a citizen of the United States, entitled to a passport. (*Id.* at 6, ¶¶ 24-25.) Plaintiff asserts her claims were based upon "on her honest belief that she was born in the United States." (Doc. 25 at 2.) However, Plaintiff learned at her mother's deposition on November 17, 2014 that she was not born in the United States. (*Id.*; Doc. 26 at 2.) Accordingly, Plaintiff "believes that the current action . . . no longer warrants litigation and seeks leave from this Court to dismiss the pending action." (Doc. 25 at 2.)

      Defendant does not oppose the dismissal of the action, but asserts the Court should deny Plaintiff's request for a determination the lawsuit was filed in good faith. (Doc. 26.) Defendant asserts he "opposes Plaintiff's request for a credibility determination that her lawsuit 'was filed in

1  'good faith,'" and that her "representations and assertions of good faith are irrelevant, self-serving and
2  unnecessary in dismissing this action." (*Id.* at 2.) In reply, Plaintiff asserts that she would be
3  prejudiced without such a declaration and may "suffer the consequences of a 'false claim of
4  citizenship' that is a ground of both inadmissibility and deportability." (Doc. 27 at 2.)

5  Significantly, there is insufficient evidence before the Court to determine whether the action
6  was filed in good faith. Although Plaintiff learned at the deposition of her mother that she was not
7  born in the United States, Plaintiff offers no explanation as to why she was unable to obtain this
8  information *from her own mother* before filing the lawsuit. Though the Court can imagine scenarios
9  under which Plaintiff would have been unable to know this information before bringing this action, it
10 can think of many reasons how she could have or should have. However, the Court must rely upon
11 evidence rather than its own musings. Given the lack of evidence, the Court declines to make any
12 findings related to whether Plaintiff acted in good faith when she filed the complaint that initiated this
13 action.

14 Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a plaintiff may request dismissal of
15 the action by the Court "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As
16 Defendant notes, the Court does not have jurisdiction to consider the merits of an action that is rendered
17 moot, because a plaintiff must present a live case or controversy. (Doc. 26 at 3, citing *In re DiGiorgio*,
18 134 F.3d 971, 974 (9th Cir. 1998)). Although Defendant urges the Court to dismiss the action with
19 prejudice (Doc. 26 at 3), the proper action when the Court lacks jurisdiction is to dismiss the action
20 *without* prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (directing
21 the district court to dismiss an action without prejudice for lack of jurisdiction).

22 Based upon the foregoing, **IT IS HEREBY ORDERED**:
23 1. Plaintiff's request for declaratory judgment is **DENIED**;
24 2. Plaintiff's motion to dismiss is **GRANTED**;
25 3. The action is **DISMISSED without prejudice**; and
26 ///
27 ///
28 ///

4. The Clerk of Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated: **December 9, 2014**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE